Otto 0. Jaeger, S.
This is a motion to dismiss objections to the account of Bose Pignataro in her capacity as administratrix c.t.a. as well as in her capacity as executrix of the deceased executor. Movant states that the objectant is neither a necessary nor a proper party to this proceeding and has no interest in this accounting.
Decedent died on August 15, 1963. His will was admitted to probate on September 18, 1963 and his father George was appointed the executor. George died on March 25, 1964 and under his will admitted to probate on September 1, 1964, Bose Pignataro was appointed executrix. On that same date, she also was appointed administratrix c.t.a. of this estate.
*1006 The will of this decedent gave his estate to his father, George. Under the will of George, his residuary estate was given to the trustee (a bank) of an inter vivos trust which he had created previously. The inter vivos trust terminated with the death of George’s wife which occurred on the day after his death. The remaindermen of the inter vivos trust were the objectant herein who had one-seventh interest and Rose Pignataro who had the remaining interest.
In the normal course Rose, as administratrix c.t.a. would account for the period after her appointment while Rose as executrix of George would account for the prior period during which George served as executor. Rose had to cite the person or persons interested. Since George, the sole beneficiary, was dead, and since Rose was his executrix and Rose in one fiduciary capacity could not account solely to herself in another fiduciary capacity, she had to cite the beneficiary of George’s estate. That was the independent trustee (bank) of the inter vivos trust. She also cited the objectant who, while not a necessary party, was certainly a proper party since he was a remainderman of the inter vivos trust. His claim is that there are assets of Tracy’s estate which have not been accounted for and which should have passed to George’s estate and thence to the living trust. The trustee of the inter vivos trust has not appeared herein.
The objections filed have a direct bearing on the accounting for testamentary assets which should pass from the estate of Tracy to the estate of George and in turn to the inter vivos trust. The effect of ignoring these objections now and of dismissing objectant as a party and relegating the objectant to proceedings in the Supreme Court on the living trust, could only involve circuity and postpone unreasonably an ultimate determination of the issues. In the Supreme Court, the inter vivos trustee would be required to account for all trust assets, including any to which the trust was entitled from the estate of George which would mean also any to which George’s estate was entitled from the estate of Tracy. It is not apparent how it would be practicable for the Supreme Court to settle the trustee’s account without prior or simultaneous settlement of the accounts of the fiduciary in the estates of George and Tracy. Both of the latter accounts are now before this court as well as all parties including the objectant and the trustee. The most expeditious procedure is to determine the objections now in this court.
The motion to dismiss the objections is denied.